## AMERICAN ROSE & PLANT CO v SQUILLOCOIT etc

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10114.   Decided October 28, 1929

Messrs. Rothenberg, Russo & Andrus, Cleveland, for Rose & Plant Co.

Messrs. Lombardo & Lo Presti, Cleveland, for Squillocoit etc.

**BY THE COURT:**

The main contention in this case is that the judgment below was and is against the weight of the evidence. It is evident, we think from the record, that there is substantial grounds for the claim of the defendant in error that he ordered growing instead of dormant plants and that he did not get what he intended to purchase under his order.

The evidence also tends to show that the plaintiff in error knew that it was not shipping what the defendant in error expected to receive under his order. While there is no direct evidence to this fact, it is significant that the plaintiff in error, when the defendant in error returned the plants, wrote the latter as follows:

"Our local express office informs us that they have a shipment from you consigned to us, but not having ordered anything from you, we have advised the express company to take this question up with you and secure instructions for disposal of this shipment."

This letter is under date of Jan. 31, 1928, three days after the defendant in error had wired plaintiff in error that he would not accept the shipment. We think this letter is a measure of the good faith and sincerity of plaintiff in error in this transaction, and it is impossible for us to believe that it did not know the character of the shipment returned to it and referred to in its letter.

It is unnecessary to say that the judgment of the lower court herein is protected by the same rules that apply to the verdict of a jury, and that judgment may not be disturbed, unless it is manifestly against the weight of the evidence.

We think if this case had been submitted to us in the first instance that we would have reached the same conclusion as the lower court.

There is nothing in the record to warrant a reversal of the judgment, and it is affirmed.

Middleton, PJ, and Mauck, J, concur.